Filed 9/13/13  P. v. Harris CA4.1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062631 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF25248) |
| MICHAEL HARRIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I.

## INTRODUCTION

Michael Harris pled guilty to one count of assault by a state prisoner (Pen. Code, § 4501)[1] and admitted one prior conviction for a serious or violent felony. The trial court sentenced Harris to the middle term of four years, doubled to eight years for the prior conviction. We affirm the judgment.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Harris was charged by indictment with one count of assault by a life prisoner (§ 4500), one count of assault by a state prisoner (§ 4501), and one count of battery on a nonconfined person by a prisoner (§ 4501.5). As to each count, the indictment also alleged that Harris committed the offense while confined in a state prison (§ 1170.1, subd. (c)) and that Harris had suffered a total of five prior serious or violent felony convictions (§ 1170.12, subds. (a)-(d) and § 667, subds. (b)-(i)).

According to the charging document, the charges against Harris arose out of a November 21, 2009 incident in which Harris, while incarcerated in state prison, attacked a correctional officer who was attempting to move Harris to a different unit. Harris began arguing with the officer, and the officer sprayed Harris with pepper spray and ordered him to get down on the floor. Harris began striking the officer in the face and

---

[1] All statutory references are to the Penal Code unless otherwise specified.

head with his fist, causing the officer to fall to the floor. Harris kicked the officer in the face and continued beating the officer until he was subdued by other officers.

On March 22, 2011, the trial court granted Harris's request that he be permitted to represent himself with the assistance of advisory counsel. Approximately a month later, on April 27, Harris filed a motion to suppress evidence.[2] After full briefing and a hearing, the trial court denied Harris's motion.

On October 14, 2011, Harris filed a motion to set aside the indictment, pursuant to section 995. After full briefing and a hearing, the trial court denied the motion to set aside the indictment. The trial court also denied Harris's motion to compel the prosecutor to elect the charge on which the prosecution intended to proceed.

As part of a negotiated plea agreement, on July 23, 2012, Harris withdrew his not guilty pleas with respect to the count alleging assault by a state prisoner (§ 4501) and admitted having suffered one prior serious or violent felony conviction. In return, the prosecutor dismissed the remaining counts and prior conviction allegations. The trial court sentenced Harris to the middle term of four years, doubled to eight years as a result of the strike conviction, and set the term to run consecutively to the sentence that Harris was already serving.

Harris filed a notice of appeal, and requested a certificate of probable cause. The court denied Harris's request for a certificate of probable cause.

---

[2] In his motion to suppress, Harris does not identify the specific evidence that he was seeking to suppress.

Harris's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We invited Harris to file a brief on his own behalf, but he has not responded.

III.

DISCUSSION

Harris's counsel presents no argument for reversal, but asks this court to review the record for error, as mandated by *Wende*, *supra*, 25 Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel lists the following as possible, but not arguable, issues:

> (1)  "Did appellant knowingly and voluntarily waive his right to counsel on March 22, 2011?"
>
> (2)  "Did the trial court properly advise appellant of the potential adverse consequences of this request to represent himself in this matter?"
>
> (3)  "Did the trial court properly deny appellant's motion to suppress evidence?"
>
> (4)  "Does the imposition upon appellant of a $240.00 restitution fine constitute an improper ex post facto action by the trial court in light of the fact that appellant's crime was committed in 2010, well before the revisions to Penal Code section 1202.4?"

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues.  Harris has been competently represented by counsel in this appeal.

4

IV.

DISPOSITION

The judgment is affirmed.

_____

AARON, J.

WE CONCUR:


_____

McCONNELL, P. J.


_____

McDONALD, J.